New-London,<br>July, 1849.<br><br>Whitaker<br>v.<br>Williams.

----◆----

## The SAVINGS BANK OF NEW-LONDON *against* The Town OF NEW-LONDON.

Bank stock owned by a savings society, there being no clause of exemption in its charter, is liable to taxation in the place where its office is established. [Two judges dissenting.]

Depositors of money in a savings society are not, as such, stockholders or members of that society.

THIS was an action of *assumpsit*, for money had and received, by the defendants, for the use of the plaintiffs ; and for money paid, laid out and expended, by the plaintiffs, for the defendants.

The following are the facts in the case, agreed to by the parties. The plaintiffs are a body corporate and politic, incorporated by the General Assembly of this state. The charter of this institution, and all acts in addition thereto, as published in the private and public statutes of the state, are made part of the case. On the 1st of *October*, 1847, the moneys deposited in this bank, by about 1600 depositors, amounted to about the sum of $300,000. A majority of these depositors, owning a like proportion of the deposites, were not residents or inhabitants of the town of *New-London*.

New-London,
July, 1849.

Savings Bank
v.
New-London.

Of the deposites in sums over 250 dollars, there was about 69,000 dollars; whereof about 32,000 dollars was held by 92 depositors, inhabitants or residents of *New-London*, and about 37,000 dollars, by 159 depositors, not of *New-London*, but of other towns in *Connecticut*. On the 1st of *October*, 1847, these deposites were invested, to the amount of 21,612 dollars, in bank stock of banks in this state, standing in the name of the *Savings Bank of New-London*; about 179,000 dollars in promissory notes, payable to the plaintiffs, with interest, which money at interest has never been taxed; and the balance of about 100,000 dollars, in public stock of the *United States* and other securities, whereof about 85,000 dollars was not taxable property, and the remaining 15,000 dollars has never been taxed. The treasurer of said *Savings Bank* was, and still is, cashier of the *Union Bank* in *New-London*; and all moneys received and paid by the former, were and are received and paid through the latter; that being the place where the business of said *Savings Bank* was and still is transacted. The *Savings Bank* has generally, if not uniformly, paid the taxes on its bank stock, laid prior to the law of 1846, but not since.

The assessors of the town of *New-London*, claiming that the plaintiffs were liable to be taxed for their *Connecticut* bank stock, against the remonstrances of the plaintiffs, assessed them therefor in the list of the town for the year 1847; and the town, at their annual meeting in *October*, 1847, laid a tax upon said list, which the plaintiffs refusing to pay, the collector levied upon and sold two shares of the stock of the *Union Bank* in *New-London*, belonging to the plaintiffs, of the value and for the sum of 230 dollars, and gave to the purchaser the necessary certificate so as to vest the title in him, and applied the avails to the payment of such tax and incidental charges.

The case, embracing these facts, was reserved for the advice of this court, on the question whether the *Savings Bank* was liable to be taxed as aforesaid, on account of said bank stock. No question was made as to the form of action, nor as to the regularity of the proceedings of the assessors and collector in regard to the tax.

*Strong* and *Crump*, for the plaintiffs, contended, That

the bank stock of the plaintiffs, when taxed, was not liable to *New-London,*
taxation.   In support of this position, they urged the follow- *July, 1849.*
ing considerations. Savings Bank

1. The law for imposing a tax upon the owners of bank *New-London.*
stock, so far as relates to such stock held by savings societies,
(they being authorized to invest their deposites in such
stock,) has, for twenty-five years, received a practical con-
struction in accordance with the claim made by the plaintiffs
in this case.

2. If it be said, that the tax law embraces the owners of
*all* stock in any bank or insurance company. who are to be
taxed therefor ;  and that the savings societies are such
owners, and therefore to be taxed ; this mode of argument
would prove, that they are also to be taxed for all their
moneys at interest well secured.   It would also tax the
banks of discount and deposite for all their loans on good
security.   The three and an half millions of bank capital in
*Hartford,* with loans over five millions, would add 300,000
dollars to the list of that town.   These consequences will
hardly be claimed or admitted.

3. The principle on which the exemption claimed by the
plaintiffs rests, is, that sound policy dictates it in relation to
these societies ; the whole community—especially the tax-
paying community—being interested in encouraging the
depositors to save their earnings in this way.   And the rate
of interest paid by savings societies, and the limitation as to
the amount of deposites, secure the public against these
institutions being made use of, by capitalists, to escape
taxation.

4. Until the act of 1846, the legislature had refused
to tax moneys of any amount, deposited in savings societies.
The act of that year subjects the owners of all deposites
exceeding 250 dollars, to be taxed for the excess ; and,
according to the claim now made, these depositors would be
*doubly* taxed—first as individuals, and then through the cor-
poration.   Our law has guarded against this hardship, in
other cases.   The owners of mortgaged real estate are
allowed to deduct from their lists the moneys at interest
taxable against them.   *Stat.* 608. § 27.   The act of 1826,
designating the place for assessing corporations, *saves* the

*New-London,* liability of corporations whose stock is otherwise liable to be
*July, 1849.* assessed and taxed.    *Stat.* 610. §33.

Savings Bank
*v.*
New-London.

5. To subject savings societies, in the manner claimed by the defendants, would produce manifest injustice, as between the towns in which the depositors reside and those in which the offices are located.    For an instance, the deposites in the *Hartford Savings Society* were, in 1848, over 1,300,000 dollars.    The depositors, residing, for the most part, elsewhere than in *Hartford,* would, upon this principle, be charged with the *Hartford* town, city and other taxes levied on the stocks in which the funds of the institution are invested.    The act of 1847 (*Stat.* 610. § 34.) confirms this view.    First, it exempts the real estate required and used by the bank in its banking business.    Secondly, it in no way subjects the personal estate of the bank, in any instance, to taxation.    Thirdly, it is only designed to prevent the withdrawal from taxation of the real estate within the limits of any corporation, (this being regarded as the proper basis in that community,) whilst it excepts that required for its own use in its appropriate business.

*McCurdy* and *G. W. Goddard,* for the defendants, after remarking, that all taxation is matter of positive regulation, and the only question is, what does the law provide—contended, 1. That previous to the passing of the law of 1846, (*Stat.* 606. § 20.) a savings bank was taxable for property holden by it.    In the first place, the general tax law provides, that it shall be the duty of the assessors to receive the lists of the inhabitants of the town ; and upon these lists all taxes are laid.    In reference to bank stock, the statute uses this explicit language : " The *owners* of stock in any bank or insurance company in this state, &c. shall be taxed therefor."    *Stat.* 605. § 17.    It is a part of the case, that the plaintiffs are *owners* of the bank stock in question.    Secondly, a savings bank is not within the *saving clause* exempting corporations whose stock is liable to taxation. Depositors in savings banks are not *stockholders,* in any sense of the term.    They are not members of the corporation. *Priv. Stat.* 1048.

2. That the act of 1846, taxing depositors in savings banks, did not repeal the former laws.    For, in the first

place, that act is *not inconsistent* with the former laws. *New-London,*
Secondly, the act of 1826, taxing corporations, was passed $\underset{\text{July, 1849.}}{}$
*prior* to the charter of this institution, and therefore cannot Savings Bank
be considered as an infringement of its corporate powers. New-London.
Thirdly, it is a right inherent in the sovereign power of the
state, to imposes taxes on corporations *after* their incorpo-
ration, except where a special exemption has been granted.

3. That if the effect of the construction claimed by the
defendants, is, to subject certain property to *double* taxation,
this does not invalidate the law, nor render it inoperative.
This it is within the unquestionable power of the legislature
to do. *Providence Bank* v. *Billings*, 4 *Pet.* 514. *Holton*
v. City of *Bangor*, 23 *Maine R.* (10 *Shep.*) 264. And
there may be substantial reasons of *policy* in taxing doubly
deposites in savings banks over 250 dollars. These institu-
tions were not created for the benefit of such depositors.

4. That the property may be compelled to pay *local taxes*,
is no objection. It *should* pay for the benefits of its location.
All property held in trust pays local taxes. *Ontario Bank*
v. *Bunnel*, 10 *Wend.* 186.

ELLSWORTH, J. By the statute law of this state, all real
property, and certain enumerated personal property, is
made liable to taxation. It matters not, whether it is owned
by individual persons, or by corporations. The plaintiffs are
owners of the stock in question, and in its character, it
belongs to the class of enumerated taxable property ; nor
do we discover in the character or objects of the plaintiffs,
or in any provision of their charter, an exemption from the
general law.

It is true, that in the *Hartford Fire Insurance Company*
v. *Hartford*, 3 *Conn. R.* 15. the court held, that a corpora-
tion was not an " *inhabitant*" of *Hartford*, and so, did not
*reside* in *Hartford ;* but there has never been a doubt that
by the existing law, corporate bodies are " *owners*" of prop-
erty. The cases cited at the bar, are numerous and deci-
sive, to prove, that corporations are to be treated like other
owners of the same property, where no provision is made
to the contrary.

If then, the plaintiffs are owners of this stock, they must
be taxed for it, unless exempted by some general law ; for,

as we have said, there is no clause of exemption in their charter. As expounders of the law, we cannot be governed by any friendship or partiality for savings banks, because they are designed to assist persons who habitually labour, or who may have small means to invest ; but we can only make the law our guide ; if that leads us to an unexpected or unsatisfactory decision, the legislature must grant relief.

Were it not for the statute of 1826, every corporation, not having a clause of exemption in its charter, would be liable to be taxed for all its taxable property, like individuals. That statute, although evidently designed to prescribe the *place for assessing* corporations, contains a principle thrown into a proviso, of an independent and very important character, on this subject. It declares, that the *personal* property of corporations, whose *stock* is *now* taxable, is not to be assessed or taxed. The proviso does not embrace the *real* estate of any corporation ; nor does it embrace corporations whose stock is not taxable ; nor corporations whose capital is not in the form of stock ; nor perhaps those whose stock was not liable to be taxed, when the law was passed; for the word " *now*" is used. With the exceptions contained in this proviso, we think the statute is peremptory.

We have been told, that, as money at interest is taxable by the general law, we must, if we carry out our principle, hold, that loans made by banks are to be taxed. It is sufficient to say, that the stock of banks, being of itself taxable, their personal property is exempted, by the law of 1826. We are not required to answer further ; nor are we prepared to say, that those corporations whose stock is not liable to be taxed, can plead exemption from the general law.

If a manufacturing corporation owns real estate, or bank stock, or rail-road stock, or city bonds, or has money at interest, all agree it may be taxed. So an individual may be taxed for money at interest. If now, several individuals put their money into the hands of a trustee, or get up a savings bank, and thereby make loans of their money, how shall we, as expounders of the law, hold these loans exempt from taxation, unless we find the exemption in the statute book ? Or, if such corporations invest their money in such property

as would be liable to be taxed, were it owned by individuals, *New-London,* July, 1849.
we see not but they may be taxed for it, like individuals.

Savings Bank
*v.*
New-London.

Since by the law of 1846, the deposite of any one person, exceeding 250 dollars, may be taxed for the excess, we have been pressed with the argument, and it at first struck us as quite worthy of consideration, that the plaintiffs come within the equity of the law of 1826; but, on reflection, we do not yield assent to that claim. Deposites are not stock, within the most enlarged use of the word; nor are they regulated as such, but are more like deposites in other banks, drawing a stipulated interest. They are money put into the hands of trustees, to be loaned out; and whether it comes to the trustees from one man or many men, makes no difference in view of the law. To some degree, this may lead to double taxation; but taxation, at best, is unequal and arbitrary, and under the present law, is double, in case of banks whose real estate (not used for a banking-house) is taxed, while their stock is taxed to individuals who own it.

We advise judgment to be rendered for the defendants.

In this opinion, CHURCH, Ch. J., and HINMAN, J., concurred.

WAITE and STORRS, Js., dissented.

Judgment for defendants.