ROBERT PRICE *vs.* THE SOCIETY FOR SAVINGS.

First Judicial District, Hartford, May Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Statutes protecting pension money from attachment and execution are remedial in their nature and entitled to a liberal construction in favor of the pensioner.

A savings bank deposit, consisting solely of the proceeds of a pension check received from the United States, is exempt from attachment and execution under the clause of § 1164 of the General Statutes which exempts "any pension moneys received from the United States, while in the hands of the pensioner."

[Submitted on briefs, May 15th—decided May 31st, 1894.]

ACTION of *scire facias* against a garnishee, brought to the Court of Common Pleas in Hartford County and tried to the court, *Calhoun, J.,* upon plaintiff's demurrer to defendant's answer. Inasmuch as the demurrer presented all the

questions involved in the case, the court, with the consent
of the parties, reserved the case for the advice of this court.
*Judgment advised for the defendant.*

The answer set up that Frederick T. Covel, the original
debtor, had $600 on deposit in the Society for Savings, sub-
ject to the conditions stated in his deposit book, being a sum
exceeding the plaintiff's demand ; but that it was part of the
proceeds of a pension check received from the United States,
which was so deposited on the same day that the check was
cashed.    To this answer the plaintiff demurred, and the ques-
tions arising on the demurrer were reserved for the advice of
this court.

The deposit book stated that the Society was " formed for
the purpose of affording a secure investment to persons of
either sex, when circumstances do not afford them the facili-
ties of safely putting their income to use, or of investing it
in business ; " that " the principal object of this bank is to
provide for the secure keeping of money lodged in it; " that
the Society and its directors made no charge for services, and
would not be responsible for any losses ; that " the net in-
come of the Society, so far as may be deemed consistent with
the interests of the depositors, shall be divided and placed
to their credit semi-annually ; " that as depositors might " be-
come sick or otherwise want their money," they " may take
it out by giving notice to the treasurer one week beforehand,
unless the sum proposed to be withdrawn shall exceed two
hundred dollars ; in that case four months notice must be
given ; " and that " the trustees have a right to pay off any
depositor the whole or any part due on his deposit within one
month next following any dividend."

*William F. Henney*, for the plaintiff.

I. The property attached is not " pension moneys received
from the United States."    The statute, being a statute of
exemption, is to be strictly construed.    " As a general legal
truth, a statute in derogation of the common rights of cred-
itors ought to receive a strict construction."    *Patten* v. *Smith*,
4 Conn., 454 ;. *Farrell* v. *Dart*, 26 id., 381.    There is a man-

ifest intention in the act to distinguish between the "pension moneys" themselves and the property in which such moneys are invested. Property in a savings bank deposit is not "pension moneys."

This court has repeatedly defined and explained the nature of property in such deposits. *Savings Bank* v. *New London,* 20 Conn., 117; *Bunnell* v. *Collinsville Savings Society,* 38 id., 206; *Osborn* v. *Byrne,* 43 id., 155.

II. The funds in question were not "in the hands" of the pensioner. *Spellman* v. *Aldrich,* 126 Mass., 113; *Friend* v. *Garcelon,* 77 Maine, 25; *Berry* v. *Berry,* 84 id., 541; *Cavanaugh et al.* v. *Smith,* 84 Ind., 381; *Faurote* v. *Carr et al.,* 108 id., 123; *Jardin* v. *Fairton Sav. Fund Ass.,* 44 N. J. L., 376; *McFarland* v. *Fish,* 34 W. Va., 548; *Pobion* v. *Walker,* 82 Kentucky, 61; *Martin* v. *Hurlburt,* 60 Vt., 364; *Cranz* v. *White,* 27 Kan., 319.

No deposit in a savings bank could be reached by trustee process, if such deposit is still in the hands of the depositor.

Judgment should be advised for the plaintiff.


*Joseph L. Barbour,* for the defendant.

I. Is pension money which has come into the possession of the pensioner, and been deposited to his credit, and subject to his control, exempt from attachment and execution?

There is some authority for holding that Covel's money on deposit with the defendant in this case is exempt under the operation of the United States statute. The Iowa Supreme Court in *Crow* v. *Brown et al.* (1890), reported in Lawyers' Reports Annotated, book XI., page 110, *held* that property purchased by a pensioner of the United States government with his pension money, is exempt from execution or attachment for his debts, under the proviso that pension money shall inure wholly to the benefit of the pensioner. See also *Folschow* v. *Werner,* 51 Wis., 87; *Reiff* v. *Mack,* 28 Atl. Rep., 699; *Holmes* v. *Tallada,* 125 Pa. St., 133.

II. Our own statute is broader, and exempts pension money after it has reached the pensioner, and while in his hands. This is a remedial statute and ought to be liberally

. expounded in favor of the benovolent object for which it was enacted. *Montague* v. *Richardson et al.*, 24 Conn., 347.

The Court of Appeals, in the case of *Yates County National Bank* v. *Carpenter*, 119 N. Y., 550, extends the exemption of receipts from a pension, under the State law, much farther than the defendant claims here. And see also *Stockwell* v. *Bank*, 36 Hun., 583, where it was decided that moneys received from a pension and deposited in a bank in the name of the pensioner were not subject to seizure by his creditors.

Finally, the defendant claims that this money, being exempt from attachment while in Covel's hands, is also exempt from garnishment. " A garnishee is not chargeable for property in his possession or debts by him owing to the principal defendant, which are by law exempt from execution or attachment if in the hands of the principal defendant." American Encyclopædia of Law, VIII., 1223, and cases there cited.

Judgment should be rendered for defendant.

BALDWIN, J. The Revised Statutes of the United States, § 4747, provide that " no sum of money due, or to become due, to any pensioner shall be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, whether the same remains with the Pension Office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner." This statute protects pension money from attachment so long as it remains due to the pensioner, but not after it has been actually paid over, and has come into his possession. *Spelman* v. *Aldrich*, 126 Mass., 113 ; *Friend* v. *Garcelon*, 77 Me., 25 ; *Rozelle* v. *Rhodes*, 116 Pa. St. 129, 9 Atlantic Reporter, 160.

. General Statutes, § 1164, exempts from attachment or execution " any pension moneys received from the United States, while in the hands of the pensioner." The validity of the plaintiff's attachment must therefore depend on whether that part of Covel's pension money which he deposited with the defendant can be considered as still in his hands.

The deposit, as soon as made, transferred the title to the

particular bills or specie, which were deposited, from the pensioner to the savings bank. But he also became substantially a part owner of all the assets of the bank. It was an agency for receiving and loaning money on account of its depositors. *Savings Bank* v. *New London*, 20 Conn., 111 ; *Bunnell* v. *Collinsville Savings Society*, 38 id., 203 ; *Osborn* v. *Byrne*, 43 id., 155.

A pension is a bounty for past services rendered to the public. It is mainly designed to assist the pensioner in providing for his daily wants. Statutes protecting his interest in it, until so used, are of a remedial nature and entitled to a liberal construction. *Montague* v. *Richardson*, 24 Conn., 338, 348 ; *Patten* v. *Smith*, 4 id., 450, 454 ; *Yates County National Bank* v. *Carpenter*, 119 N. Y., 550, 23 Northeastern Rep., 1108.

It would be unreasonable to require a pensioner to keep so large a sum as $600 in his personal custody until he had occasion to expend or opportunity to invest it. It would be still in his hands, within the meaning of the law, though left with another for safe-keeping, and would still retain its original character as pension money. See *United States* v. *Hall*, 98 U. S., 343, 358. The natural depositary, in case of a sum so large as $600, would be some kind of a trust or banking institution. The fund in controversy was placed in a savings bank, where, so far as appears, the pensioner had no previous account. It was a single deposit, entered upon a pass-book, where it constituted the sole credit in his favor, and no dividend from the profits of the bank had or could have been declared upon it, prior to the attachment. He simply exchanged his ownership of $600 for an ownership of such part of the property of the defendant, as corresponded to the proportion between that sum and the total of its net assets ; with the right to take out the amount deposited, in whole or part, on demand, after reasonable notice, provided he withdrew in all no more than his proper share, as a part owner of the funds of the institution. *Osborn* v. *Byrne*, 43 Conn., 159. Presumably the defendant had assets ample to satisfy its depositors in full, and therefore the pensioner

could, at his discretion, have drawn out the sum deposited, at any time. While in the bank, it was in the hands of an institution conducted for the sole benefit of its depositors, and of which they were the equitable owners; and although the bills or coin that the pensioner originally left there could no longer be identified, and it might be that they and all the cash funds then belonging to the bank had been loaned out, or otherwise invested, it is our opinion that his pension money can fairly be said to have been still in his hands, within the meaning of our statute of exemptions.

The Court of Common Pleas is advised to render judgment for the defendant on the demurrer to the second paragraph of the answer.

In this opinion the other judges concurred.