Feb. 15,
1917.

Opinion of the Justices.

The legislature can grant no pension to one whose right thereto is ascertainable
upon any other ground than the performance of actual service to the public.

Legislation in the same year, whether in one bill or several, granting, in the whole,
pensions to the same person for more than one year is beyond the power of the
legislature or of any political sub-division of the state and is void.

*To the Justices of the Supreme Court:*

During today's session of the house of representatives the follow-
ing resolution was adopted: "Resolved: That the speaker of this
house be and hereby is directed to obtain from the justices of the
supreme court their opinions upon the following questions arising
under *article* 36 of part first of the constitution:

1. Can the legislature authorize the granting of old age pensions,
for one year at a time, to be paid either (a) by the state or (b) by
any political subdivision thereof?

2. Do the restrictions in the article as to 'actual services' and as
to 'one year at a time' apply to political subdivisions of the state
as well as to the state itself?

3. Can the legislature, at one session thereof, authorize the grant-
ing of a pension for a year, and by a separate act authorize the
granting of a like pension for another year?"

In accordance with my instructions contained herein, I respect-
fully submit the above and await your kind consideration.

Respectfully yours,

Arthur P. Morrill, *Speaker.*

Concord, N. H., February 7, 1917.

*To the House of Representatives:*

Part first of the constitution commonly called the bill of rights is
a statement of reservations made by the grantors of public power.
"The reservation precedes the grant. Before they create . . .
the supreme legislative power in the second article, and before they
form themselves into a state in the first article, they lay the founda-
tion, and therein reserve those personal liberties, which, upon the
evidence of history, and their own experience, they think cannot
safely be surrendered to government." *State* v. *Express Co.*, 60
N. H. 219, 250. *Article 36, Part I,* of the constitution to which our
attention is called in the resolution requesting our opinions is a

reservation or exception out of the supreme legislative power granted by *article* 2 of Part II.   It reads as follows: "Economy being a most essential virtue in all states, especially in a young one, no pension should be granted but in consideration of actual services; and such pensions ought to be granted with great caution by the legislature, and never for more than one year at a time."

The New Hampshire bill of rights is mainly a copy of the Massachusetts bill of 1780, but no article is therein found corresponding to the one now under consideration.   The first clause of *article* 6 of the Massachusetts document is "No man, nor corporation, or association of men, have any other title to obtain advantages, or particular and exclusive privileges, distinct from those of the community, than what arises from the consideration of services rendered the public."   There is no historical evidence known to be in existence bearing upon the possible connection of the two clauses or of any special reason for the New Hampshire form.   All the evidence of meaning is that furnished by the words of the document. If any doubt which can be aided by construction can be suggested. as to the meaning or application of the Massachusetts language, none can be as to the words of the New Hampshire copy.   Pensions are not to be granted except in consideration of actual services and never for more than one year at a time.   A pension ordinarily suggests the idea of a bounty or reward for service rendered, but the term might include a grant which was a mere gratuity.   *Price* v. *Society for Savings*, 64 Conn. 362.   Bouvier's Law Dictionary and Webster's Dictionary, title Pensions.   Such a grant is expressly excluded.   Pensions are not to be granted except in return for services which are fairly describable as actual, not constructive, or imaginary.

The resolution furnishes no information as to what is intended by the term "old age pensions."   It is doubtful if the expression has as yet been so clearly defined that we can give a categorical answer to the first question as to the power of the legislature to grant "old age pensions" without some risk of misunderstanding.   It will doubtless serve the purpose of the inquiry for us to state that in our opinion the legislature can grant no pension to a recipient whose right thereto is ascertainable upon any other ground than the performance of actual service to the public.   If "old age pensions" means pensions the right to which depends upon age alone, our answer is in the negative.

The reservation of the bill of rights made upon the ground of economy, "a most essential virtue in all states, especially in a

young one," limiting the pension-granting power to one year at a time was intended to prevent the creation of obligations extending perhaps beyond the time when there was reason for the grant. The implication is that the pension grantable for one year was not renewable until the year had expired; when the need and propriety of the pension could be again examined, and the grant renewed only "with great caution."

It is not probable anyone would argue that this restriction could be avoided by the passage at the same time of separate bills for different years. Laws 1915, *cc.* 165, 166; House Jour., Apr. 21, 1915, *p.* 1008. But it is argued that the constitutional change made by the convention of 1876 from annual to biennial sessions of the legislature necessarily implies a change in this section from one to two years because otherwise the legislature would be deprived of the power of so granting a pension that annual payment could be made, which it formerly possessed. But whatever change was made in the grant of power in 1876, there was no change in the reservation of the bill of rights "which according to the testimony of its makers, . . . 'is the foundation on which the whole political fabric is reared.'" *State* v. *Express Co.*, 60 N. H. 219, 250; 9 N. H. State Papers, 851, 881. The convention of 1850 proposed biennial elections and sessions and also submitted an amendment changing one year to two years in *article* 36, Part I, the same being *article* 37, Part I, of the constitution then submitted and rejected. Colby Manual of the Constitution (1902), *p.* 197; *Ib.* (1912), *p.* 181.

The failure to take like precaution in 1876 is easily explainable. In the eleven years that had elapsed since the civil war the idea of pensions was associated with the federal government. The United States granted pensions. No evidence has been discovered that the state had ever granted a pension. The Index to the Laws of New Hampshire contains no entry under that title. A payment for one year was considered the allowance of a claim, not a granting of a pension as pensions were commonly understood. Federal pensions were for life as commonly granted. The prohibition of the constitution was practically a prohibition of all pensions as the term was understood. It is not probable it occurred to anyone that occasion for the granting of pensions by the state would ever arise. It is certain no one then regarded the matter of sufficient importance to suggest a constitutional change. The inference from the failure to suggest a change in *article* 36, Part I, in 1876 is that no change was

then desired, not that a change was made in a provision to which it does not appear attention was directed.

As the legislature may grant a pension for only one year at a time, legislation in the same year, whether in one bill or several, granting in the whole pensions to the same persons for more than one year is beyond legislative power, and wholly void. We answer the third question also in the negative.

The non-delegable character of the law-making power vested in the legislature is subject to the exception that limited powers of local legislation may be conferred upon minor sub-divisions of the state. *Willoughby* v. *Holderness*, 62 N. H. 227; *State* v. *Hayes*, 61 N. H. 264. But "in the nature of things such legislation must not be inconsistent with the laws of the state." *State* v. *Noyes*, 30 N. H. 279, 293. The local legislation of towns and cities is equally subject to a reservation made before any legislative power was granted. Obviously the legislature cannot delegate a power it does not possess. Cities, towns, school-districts, are merely as described in the resolution "political sub-divisions of the state" made for the convenient administration of the government; they are "component parts of the state, and aggregately taken are the state." *Wooster* v. *Plymouth*, 62 N. H. 193, 208, 209. Because there is no exception of the power of local legislation from the general reservation limiting the pension-granting power of the state, the second inquiry is answered in the affirmative.

FRANK N. PARSONS.
REUBEN E. WALKER.
JOHN E. YOUNG.
ROBERT J. PEASLEE.
WILLIAM A. PLUMMER.

February 15, 1917.