THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE MISSES MASTERS SCHOOL, Respondent, *v.* WALTER KEYS and Others, as Assessors of the Town of Greenburgh, Westchester County, New York, Appellants.

Second Department, June 22, 1917.

**Tax — when educational institution entitled to exemption — discretionary power of trustees to pension teachers and officers.**

Where the charter of an educational corporation provides that its resources shall be devoted to educational work without right of pecuniary gain beyond reasonable compensation for services rendered, it is none the less entitled to exemption from taxation under the provisions of the Tax Law because the charter also provides that the board of trustees have discretionary power to make pensions or other merited allowances to teachers, officers or employees out of the surplus earnings.

Such discretionary power to make pensioning and other merited allowances does not offend the prohibition against making pecuniary profit.

" Profits " means gain made from any business or investment when both receipts and payments are taken into account, and a pension being compensation as a reward for labor already done is essentially different from a " profit."

APPEAL by the defendants, Walter Keys and others, as assessors, from part of the order of the Supreme Court, made

**678**     People ex rel. Masters School *v.* Keys.

Second Department, June, 1917.          [Vol. 178.

at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 1st day of June, 1917, adjudging certain realty exempt from taxation.

*Frank D. Briggs* [*Joseph B. Thompson* with him on the brief], for the appellants.

*Daniel S. Remsen,* for the respondent.

Per Curiam:

This appeal presents a review by certiorari of taxes upon the realty of a school. Only questions of law are presented.

The Tax Law prohibits exemption " if any officer, member or employee thereof shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes, or as proper beneficiaries of its strictly charitable purposes." (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], § 4, subd. 7, as amd. by Laws of 1916, chap. 411.) The amended charter of the school, granted by the Regents, provides: "The school and its resources shall be devoted to authorized educational work for public usefulness, without right of pecuniary gain therefrom, by any one, beyond reasonable compensation for services rendered." The corporation acquired its property March 24, 1916, by conveyance from the Masters School Realty Company, and paid nothing for it, for the consideration was paid by the Misses Masters. The return shows: " That the said amended charter of relator, provides among other things as follows: ' The School and its resources shall be devoted to authorized educational work for public usefulness, without right of pecuniary gain therefrom, by any one, beyond reasonable compensation for services rendered but with discretionary power in its board of trustees, out of surplus earnings to make pensioning and other merited allowances to teachers and other officials and employees of the School.' "

Does the additional phrase, " but with discretionary power in its board of trustees, out of surplus earnings to make pensioning and other merited allowances to teachers and other officials and employees of the School," offend the prohibition against "any pecuniary profit?" This institution is fairly

within the description made by the court in *McDonald* v. *Massachusetts General Hospital* (120 Mass. 432, 435). " Profits " means the gain made from any business or investment when both receipts and payments are taken into account. (*Matter of Murphy*, 80 App. Div. 238; *Rubber Company* v. *Goodyear*, 76 U. S. [9 Wall.] 788, 804.)   A pension is a bounty for past services, mainly designed to assist the pensioner in providing for his daily wants. (*Price* v. *Society for Savings*, 64 Conn. 362.) It is in the nature of a compensation for labor done and as a reward therefor, and is essentially quite different from " profits " — the gain upon investments or business done. We think that " pensioning and other merited allowances to teachers and other officials and employees of the School " are within the purview of " reasonable compensation for services in effecting one or more of such purposes, or as proper beneficiaries of its strictly charitable purposes," rather than of " pecuniary profit," as the phrases are used in the tax statute.

All public educational institutions originally (Temp. Eliz. St. 43) were within the category of eleemosynary institutions. A gift to Harvard University was one to a charitable institution. (*Dexter* v. *Harvard College*, 176 Mass. 192. See, too, *People ex rel. New York Institute for Blind* v. *Fitch*, 154 N. Y. 14, 30, 31.)   So far as the question of rents received, our discussion of a similar question raised in *People ex rel. Trustees* v. *Mezger* (98 App. Div. 237) is pertinent to this case.

The order, in so far as appealed from, is affirmed, but without costs.

JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Final order, in so far as appealed from, affirmed, without costs.