May 4, 1937.

## OPINION OF THE JUSTICES.

*To the House of Representatives:*

The undersigned Justices of the Supreme Court furnish this opin-

ion in answer to the inquiry of your resolution of April 28 whether the provisions of House Bill No. 161 (In Second New Draft) violate any provisions of the state or federal constitutions.

It is not clear to what specific prescriptions of the organic law your doubts may apply, but we assume that the chief one in mind is that relating to pensions. By our state constitution (Pt. I, *Art.* 36) no pension shall be granted except for actual services, and then for no more than one year at a time. "A pension ordinarily suggests the idea of a bounty or reward for service rendered, but the term might include a grant which was a mere gratuity." *Opinion of the Justices,* 78 N. H. 617, 618. It is in the concept of a pension, when a reward for service, that the service be rendered and performed before the pension is granted. To be a pension, the reward must be free from any character as the discharge of an existing legal or contractual liability. Payment for service to be rendered is in no sense a pension. For such service, the time, manner, or amount of payment is ineffective to endow the payment with any character as a pension.

Viewing the bill in this aspect, we see no attributes of a pension in the payments it proposes. They are to be for teaching to be furnished, and not for past teaching for which the agreed compensation has been fully paid. While past teaching may be a required qualification for one to benefit from the retirement payments proposed by the bill, its terms include no allowance of payment therefor. The purpose of the bill to recognize "the public service rendered by the teachers in the public schools" is an insufficient basis, standing alone, to justify payments in any form to them, but the further statement that the payments are to be "additional compensation" for their service is construed to refer only to future service. This construction is in application of the rule that statutory language is to be read to avoid unconstitutional results, if it is susceptible of such a reading. And an examination of the workings of the bill shows that no reward as bounty for past service is within its scheme. If such were the case, it would be forbidden and void.

The bill proposes no payments except as part of the compensation for the time ensuing its passage to a teacher's retirement; and the amount of the retirement payments depends upon the length of such period. There is thus carried out the idea that past service is no more than one of the requirements of eligibility for obtaining retirement allowance, and that neither directly nor indirectly is the additional compensation for service to be an allowance in any degree for past service.

We note that the bill provides for two members of the retirement board to be selected by the retirement association. While expressing no definite opinion, we believe that the private naming and appointment of public officers presents a grave question of the legislative power of delegation of its authority. Election by voters and appointment by governmental departments or bodies are the normal methods, and any other method is thought to be of doubtful validity.

It is our opinion that the general plan and scheme of the bill is a valid one, and aside from the minor point discussed, our examination has not brought to notice any of its provisions which conflict with our constitution, and no possible conflict with the federal constitution occurs to us.

JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.
PETER WOODBURY.