Request of House of Representatives, No. 4745.

### OPINION OF THE JUSTICES.

Submitted April 17, 1959.

Answer returned April 30, 1959.

The following resolution, adopted by the House of Representatives on April 9, 1959, was filed in this court on the same date:

"WHEREAS a substantial number of public school teachers were retired from public service under chapter 136, Revised Laws, and prior to the integration of the teachers' retirement system with the Federal Social Security System; and

"WHEREAS the retirement allowances paid to such teachers, especially to those retired under chapter 136, Revised Laws, are in many cases inadequate to meet the costs of living and in some cases have been so inadequate as to reduce the beneficiaries to extreme poverty and hardship; and

"WHEREAS House Bills Nos. 352 and 353 have been introduced and are now pending, the purpose of which is to relieve such hardships; and

"WHEREAS questions have been raised concerning the constitutionality of these bills; now, therefore, be it

"RESOLVED by the House of Representatives that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of Law:

"1. Would the benefits of such legislation be considered as 'pensions' within the meaning of Article 36, Part I of the Constitution, or, in the alternative, as additional compensation for services rendered so as not to fall within the restrictions on 'pensions'?

"2. If each bill is construed to provide 'a pension,' do either of said bills violate the Constitution, in view of the fact that each bill provides benefits for only one year at a time?

"3. Since Article 36, Part I, was adopted under a Constitution which provided for annual sessions of the legislature, when the Constitution was amended to provide for biennial sessions, did such amendment, by implication allow the legislature to provide for two-year pensions at a time:

"4. If the legislature can only provide for payment of such benefits over a one-year period at each biennial session, can the size of the payments for one year be increased so as to be sufficient to provide practical relief for the entire biennium?

"5. Is the language of Article 36, Part I, providing that pensions 'ought' never to be granted for more than one year at a time mandatory or merely advisory?

"6. Does either of said bills appear to violate any other provision of the Constitution?"

The following answers were returned:

*To the House of Representatives:*

The undersigned, the Justices of the Supreme Court, make the following answers to the inquiries contained in your resolution with reference to House Bills Nos. 352 and 353. No. 352 is entitled "An Act providing supplemental retirement allowances under the New Hampshire Teachers' Retirement System for the fiscal year 1959-1960," and No. 353 is identical save for the fact that it provides for allowances for the fiscal year 1960-1961.

Article 36th, Part I of the Constitution of New Hampshire reads as follows: "Economy being a most essential virtue in all states, especially a young one; no pension shall be granted, but in consideration of actual services; and such pensions ought to be granted with great caution, by the legislature, and never for more than one year at a time." The bills in question provide for supplemental retirement allowances under the Teachers' Retirement System (RSA ch. 192, as amended by Laws 1957, c. 48) to any beneficiary who retired prior to July 1, 1957. These allowances would be a reward for services already rendered and performed by the recipients and would constitute a pension within the terms of said Article 36th. *Opinion of the Justices*, 88 N. H. 511, 512. To construe them as providing for additional compensation for such services rendered leads to the same result, since the extra compensation would also be for services already performed. *Opinion of the Justices, supra,* 512. Our answer, therefore, to your first question is that in either alternative the proposed allowances would be considered "pensions" within the meaning of Article 36th.

In your second inquiry, you ask whether either of the bills violates the Constitution in view of the fact that each provides benefits for only one year at a time. In *Opinion of the Justices,* 78 N. H. 617, a similar question was considered and dismissed summarily with the observation that it was not "probable" that anyone would contend that the constitutional restriction could be

avoided in this manner. *Id.,* 619. Considering the long-established practice of passing separate appropriation bills at each legislative session to cover annual expenses during the biennium, and in view of other factors, doubt might be cast on the validity of this view. However, it appears not to have been questioned since, and we adopt it pending an opportunity for a more thorough examination of the problem. Our tentative answer, therefore, to your question No. 2, is "Yes."

Regarding your third question, the Constitution makes it plain that pensions for one year at a time may properly be granted and that the purpose of this limitation was to give each successive Legislature the opportunity to pass upon the need and propriety of extending or revoking a pension if it chose to do so. See *Opinion of the Justices,* 78 N. H. 617, 618, 619. At the time the Constitution was adopted in 1783, the Legislature met on a yearly basis and the one-year limitation was obviously conceived in the light of this circumstance. However, repeated efforts to extend the limitation to two years have failed.

In a comprehensive revision of the Constitution proposed by the Constitutional Convention in 1850, all suggested changes and amendments, including one to extend the period for which pensions could be granted to two years, were defeated by popular vote in March, 1851. Colby, Manual of the Constitution, Revision of 1912, *pp.* 181, 201, 206. Again, among the thirteen amendments proposed by the Convention in 1876, was one which established biennial sessions of the Legislature. Article 36th was not referred to in any way at this time and our court in an advisory opinion has said that the presumption is that no change with respect to Article 36th was desired. *Opinion of the Justices,* 78 N. H. 617, 619, 620. If any doubt existed on this question, it was removed during the extensive debates of the Constitutional Conventions of 1912 and 1920. There the issue was squarely raised and it is clear that the understanding of the members of the Conventions was that the one-year limitation still prevailed and that they wished to delete it. Journal of the Constitutional Convention 1912, *pp.* 437-443; N. H. Const. Conv. 1918, 1920, 1921, *pp.* 338-362. In each instance an amendment designed to do so was rejected by the people, although the plight of certain groups, including firemen and policemen (see Journal of the Const. Conv. 1912, *supra*) and of the teachers (see N. H. Const. Conv. 1920, *supra*) was stressed. At the Conventions of 1930, 1938 and 1941

resolutions to amend Article 36th failed of adoption by the Conventions.

The constitutional history of Article 36th makes it plain that however incongruous and illogical the one-year limitation may be under present circumstances, it nevertheless exists. It follows that our answer to your question No. 3 is "No."

Your fourth interrogatory presents a novel issue which is not free from difficulty. Article 36th, stressing the "essential virtue" of economy, was adopted in 1783 when New Hampshire was truly a "young state." It is obvious that the fundamental purpose of economy, as used in this Article, was to promote the well-being of the citizenry of the state. While economy should remain a guiding principle in the operation of our government the means of effecting it may well be different today than they were when the Constitution was adopted. Its interpretation should be in the light of the modern life of an old state rather than in the early life of a young one.

We believe this view finds support not only in common sense, but in the pronouncements of the court. In the *Opinion of the Justices*, 88 N. H. 511, the question was as to the constitutionality of a bill to establish a teachers' retirement system. See Laws 1937, c. 205. The court stated that since the payments to be made by the State would be for future services, they would not be pensions, and then added: "For such service, the time, manner *or amount* of payment is ineffective to endow the payment with any character as a pension." *Id.*, 512. (Emphasis supplied). In other words, the size of the payment did not make unconstitutional what otherwise was proper. By parity of reasoning, since Article 36th does not limit the amount of the pensions which may be paid for any one year, it is not the province of this court to do so. No reason appears, therefore, why the Legislature may not establish pensions in an amount which takes cognizance of today's economic conditions and other considerations, provided the amount is not such as to shock the consciences of reasonable persons. Subject to this limitation, the answer to your question No. 4 is "Yes."

Your fifth question is whether the language of Article 36th, to the effect that pensions "ought" not to be granted for more than one year, is mandatory or advisory. While the word "ought" is ordinarily considered as directory or advisory (67 C. J. S. 534), it may be construed as mandatory. Black's Law Dictionary, 4th ed., 1253, Pt. I. See Const. *Art.* 37th; *Cloutier* v. *State Milk Control Board*, 92 N. H. 199, 201, 202. See also for example, Const.,

Pt. I, Articles 22d and 26th. The question is one of the intent of the drafters of the Constitution. *Attorney General* v. *Morin*, 93 N. H. 40, 43. In the light of the history of Art. 36th the use of the word "ought" in other articles and the numerous debates concerning it, there appears little doubt that the word has been and should be construed as mandatory. Journal of Const. Con. 1912, *pp.* 437-443; N. H. Const. Conv. 1918, 1920, 1921, *pp.* 338-362.

Your final question is whether the bills violate any other provisions of the Constitution save those already discussed. So far as now appears it is our opinion that they violate no other provision.

In summary, then, our answer to your question No. 1 in either alternative is that the proposed legislation provides for pensions; to question 2, the answer is "Yes"; to question 3, the answer is "No"; the answer to question 4 is "Yes"; the answer to question 5 is that the word "ought" is used in a mandatory sense; and the answer to your question 6 is "No."

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

April 30, 1959.

*Donald G. Matson*, opposed to the bills.