Request of House of Representatives
No. 7780

OPINION OF THE JUSTICES

May 27, 1977

The following resolution was adopted by the house of representatives on April 27, 1977, and filed with the supreme court on April 28, 1977:

"WHEREAS, House Bill 567, An Act relative to the New Hampshire retirement system cost of living increases, is before the House for consideration; and

"WHEREAS, an amendment to House Bill 567 has been proposed by the Committee on Executive Departments and Administration; and

"WHEREAS, questions have been raised as to the constitutionality of House Bill 567 and the proposed amendment; Now, Therefore Be It

"RESOLVED by the House of Representatives:

"That the justices of the Supreme Court are respectfully requested to give their opinion and answer the following questions:

"I. Does House Bill 567, as drafted, conflict with Part I, Article 36 of the New Hampshire Constitution?

"II. Does the proposed amendment to House Bill 567 conflict with Part I, Article 36 of the New Hampshire Constitution?

"III. If the answer to question number two is 'yes', how does the proposed amendment to House Bill 567 differ from RSA 490:2, II and III, and from RSA 491:2, II and III?

"Be It Further Resolved, that the clerk of the House of Representatives attach seven copies of House Bill 567, and the proposed amendment thereto, to this resolution and transmit the same to the Justices of the Supreme Court for their consideration."

The following answers were returned:

*To the House of Representatives:*

The undersigned justices of the supreme court return the following reply to the questions contained in your resolution filed in the supreme court on April 28, 1977.

Your questions are as follows:

"I. Does House Bill 567, as drafted, conflict with Part I, Article 36 of the New Hampshire Constitution?

"II. Does the proposed amendment to House Bill 567 conflict with Part I, Article 36 of the New Hampshire Constitution?

"III. If the answer to question number two is 'yes', how does the proposed amendment to House Bill 567 differ from RSA 490:2, II and III, and from RSA 491:2, II and III?"

House bill 567, entitled "An Act relative to the New Hampshire retirement system cost of living increases," provides for the amendment of RSA ch. 100-A by the addition of the following provision:

100-A:43 Supplemental Allowances in General. Any . . . member of the New Hampshire retirement system . . . who retires after July 1, 1977 shall be entitled to receive a supplemental allowance, if and when enacted by the legislature, for each month of the biennium. . . .
This act shall take effect 60 days after its passage.

The amendment to House bill 567 would strike out "all after the enacting clause and [insert] in place thereof";

100-A:13-a Additional Annuities. As additional compensation for services rendered and to be rendered after July 1, 1977, any [member] of the New Hampshire retirement system . . . who retires after August 1, 1977 shall be entitled to receive an annuity increase if and when enacted by the legislature. . . .

This Act shall take effect on July 1, 1977.

The constitutionality of these alternative provisions is put into question by part I, article 36, of the New Hampshire Constitution providing:

Economy being a most essential virtue in all states, especially in a young one, no pension shall be granted, but in consideration of actual services; and such pensions ought to be granted with great caution, by the legislature, and never for more than one year at a time.

This court has previously construed article 36 of the New Hampshire Constitution in *Opinion of the Justices*, 78 N.H. 617, 100 A. 49 (1917), 88 N.H. 511, 192 A. 494 (1937), and 102 N.H. 75, 150 A.2d 816 (1959), among other advisory opinions.

The Constitution of 1784 was adopted following the turbulent revolutionary period at a time when certain particular abuses of various royal agents (and the Committee of Safety) must have been much in mind, as was evidenced by the practice of awarding "boons, bounties and favors." The proposed supplemental and annuity increases to retirees are not within the contemplation of the former "boons, bounties and favors."

■■ Accordingly questions 1 and 2 are answered "No", and it is unnecessary to answer your third question.

> FRANK R. KENISON
> EDWARD J. LAMPRON
> WILLIAM A. GRIMES
> MAURICE P. BOIS
> CHARLES G. DOUGLAS, III

Robert T. Clark, Esquire, filed memorandum in behalf of The Association of Retired Law Enforcement Officers of New Hamp-

shire, The New Hampshire Education Association, The New Hampshire State Permanent Firemen's Association, and The State Employees' Association of New Hampshire, Inc.