[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S CLAIM OF EXEMPTION
This proceeding is a claim for exemption from a tax warrant denied by the Department of Revenue Services against the defendant's bank account containing the sum of $1,390.60 (One Thousand Three Hundred Ninety Dollars and Sixty Cents).
At a hearing on the exemption, the defendant, Bernard H. Karlin, stated that he regularly deposited only his social security disability benefit checks into his bank account. The defendant further stated that he had previously withdrawn $3,700 (Three Thousand Seven Hundred Dollars) of the social security money deposited into his bank account and loaned this money to his two sons. The purpose of the loan was to help the sons pay for certain CT Page 9064 of their personal expenses such as car repairs and insurance premiums. The money presently left in the bank account is repayment in part from the two sons for the loan.
The defendant claims that the sum of $1,390.60 (One Thousand Three Hundred Ninety Dollars and Sixty Cents) presently in the bank account, is exempt because the funds are still social security funds.[1]
The issue is whether or not social security benefits lose their exemption when the money is withdrawn from the account, loaned to third parties for a purpose not related to the defendant's support or maintenance and the amount loaned is subsequently returned to the bank account.
Porter v. Aetna Casualty and Surety, Co., 370 U.S. 159,162, 82 S.Ct. 1231, 1233 (1962) determined that Veterans' benefits deposited in a bank account retained their exemption from claims of creditors because the funds, although having the quality of money, are available or needed for support and maintenance. The exemption guide line was later applied to social security benefits. Philpott v. Essex County Welfare Board,409 U.S. 413, 417, 93 S.Ct. 590, 592 (1973). See also, Price v. Society for Savings, 64 Conn. 362, 367 (1984).
We agree with the State's position that the defendant's social security benefits lost their exemption when the defendant loaned these funds to his sons for the sons' personal expenses. There was obviously no intention on the part of the defendant to transfer the bank funds into some other equivalent of money which would be immediately available for the maintenance and support of the defendant. Porter v. Aetna Casualty and Surety Co., Supra, 162.
The repayment of the loan by the sons did not recreate social security benefits which would retain the same exemption as the funds previously enjoyed.
Accordingly, defendant's claim of exemption of funds is denied.
ARNOLD W. ARONSON, J.