WARREN M. KNEELAND *v.* ADMINISTRATOR, UNEMPLOY-
MENT COMPENSATION ACT, ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 7—decided April 15, 1952

*Norman Zolot, Margaret C. Driscoll* and *James F. Rosen,* for the appellant (plaintiff).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the appellees (defendants).

INGLIS, J. The question posed on this appeal is

whether the plaintiff is entitled to unemployment compensation during the time he remains unemployed following his involuntary retirement and while he is being paid a pension by his last employer.

The finding of the unemployment commissioner was not printed in the record. It has been furnished to us by agreement of counsel, and the material facts appearing in it are the following: The plaintiff is a former employee of the Phoenix Insurance Company. His employment commenced in May, 1913, and continued until December 31, 1950, when he was compelled by the company to retire because he had reached the age of seventy years. As of January 1, 1948, the company adopted a funded retirement plan which provided a pension for all full-time employees who had not then reached the age of sixty-five. At the same time a plan was announced whereby other employees, of whom the plaintiff was one, who were then over sixty-five years of age would, upon retirement, receive a pension from the company comparable to that to be paid to the younger employees. No contribution by any employee was involved. The plaintiff's earnings averaged about $60 a week for the last year of his employment and about $54 a week for the final five years. Under the plan applicable to him, he is entitled to receive a pension at the rate of $27.46 a week. He also is entitled to $62.90 per month as old-age benefits under the Social Security Act. He has not obtained other employment. He registered for work with the employment service on January 14, 1951, and filed claims for unemployment benefits. He is physically and mentally able to work, is available for work and is seeking employment.

On these facts the unemployment commissioner decided that the plaintiff is eligible for unemployment benefits without the imposition of any statutory dis-

qualification period. See General Statutes § 7508. On appeal from that decision, the Superior Court concluded that under the statute the plaintiff is disqualified for unemployment compensation during the period for which he receives his pension. It rendered judgment vacating the commissioner's award, and from that judgment the plaintiff has appealed.

Section 7508 of the General Statutes, a part of the Unemployment Compensation Act, reads in part as follows: "An individual shall be ineligible for benefits . . . (4) during any week with respect to which the individual has received or is about to receive remuneration in the form of (a) wages in lieu of notice or dismissal payments or any payment by way of compensation for loss of wages, or any other state or federal unemployment benefits . . . ." The phrase of the statute which is relevant to this case is "any payment by way of compensation for loss of wages." The determinative question is whether the payments referred to in that phrase include the payments of pensions such as that which the plaintiff is receiving.

A pension is a "stated allowance or stipend made . . . in consideration of past services or of the surrender of rights or emoluments, to one retired from service." Webster's New International Dictionary (2d Ed.). It is not wages as that word is used in our Unemployment Compensation Act. Wages are there defined as "all remuneration for employment." Cum. Sup. 1951, § 1324b. When a man is retired, his employment ceases. Anything paid to him on account of his retirement is not remuneration for employment. A pension is, however, closely akin to wages in at least three particulars. It consists of payments made by or provided by an employer. Although it is not paid in direct compensation for services rendered currently, it is paid in consideration of services rendered in the past.

*Hooker* v. *Hoey*, 27 F. Sup. 489, 490, aff'd, 107 F. 2d 1016. It serves the same purpose as wages to the recipient in that it helps him to meet the expense of living. *Price* v. *Society for Savings*, 64 Conn. 362, 366, 30 A. 139. It is a substitute for the wages which the employee has lost by reason of the loss of his job. The payment of a pension, therefore, comes within the plain meaning of the words of the statute. It is a payment made "by way of compensation for loss of wages."

The principal contention of the plaintiff is that the phrase "any payment by way of compensation for loss of wages" should be so interpreted as to apply only to payments made with reference to the time during which employment is continuing. That is, he says it means vacation pay, which we have held was within it; *Kelly* v. *Administrator*, 136 Conn. 482, 487, 72 A. 2d 54; or stand-by pay, but not payments, such as pensions, which cover time after employment has terminated. He bases this contention on the claim that the legislative history of the clause in question indicates that such is the intent of the legislature. We find nothing in the history of the clause which evinces an intent that it should be interpreted so narrowly. It is true that when the law was first enacted in 1936 it contained as one reason for disqualification the receipt of "old age benefits under title II of the social security act or any amendment thereto"; Cum. Sup. 1939, § 1339e(b) (4) (C); and that in 1941 the General Assembly removed this ground for disqualification from the statute. Sup. 1941, § 718f (b) (4). This action, however, has no bearing on the interpretation of the other clause of the statute by which disqualification results from the receipt of any payment by way of compensation for loss of wages. It does not indicate a legislative intent to limit that ground of disqualification to the receipt of payments during the period of actual employment.

It indicates nothing more than that the legislature believed that a person should not be precluded from receiving unemployment compensation merely because he is also receiving old-age benefits under the Social Security Act.

It is of significance that in the original enactment the words with which we are now concerned were in the same subdivision of subsection (b) as, and follow immediately after, the words "wages in lieu of notice." Cum. Sup. 1939, § 1339e(b) (4) (A). In the present form of the statute, they are used in the same way in conjunction with the words "wages in lieu of notice or dismissal payments." Neither wages in lieu of notice nor dismissal payments are paid for services rendered during the term of employment or with respect to the time during which the recipient is employed. They, like pensions, are paid in recognition of services rendered in the past; they do not compensate for time included within the period of the recipient's employment.

The statute uses the words "any payment" by way of compensation for loss of wages. The plaintiff's contention that payments which disqualify are limited to those made by way of compensation for loss of wages during and not after the term of employment is without any support either in the history or in the phraseology of the statute.

The plaintiff also points to the fact that there was introduced at the 1951 session of the General Assembly a bill amending the statute in question by inserting an express provision to the effect that the receipt of retirement pay or a pension would disqualify an individual for unemployment compensation, with certain limitations; Sub. for H. B. 1182, 1951 Sess., § 12; and that this bill failed of passage. That this bill was rejected might mean either that the General Assembly

felt, as contended by the plaintiff, that the receipt of a pension ought not to disqualify for unemployment compensation or that it believed that receipt of a pension should disqualify but that the proposed amendment was unnecessary because the act as it stood was adequate to provide for disqualification for that reason. Since the considerations which moved the General Assembly to reject the bill are so uncertain, its action in so doing is of no material assistance in interpreting the statute. The same may be said of the claim of the plaintiff that the federal bureau of employment security recommends that income from employer annuities be ignored in determining benefits. There is no indication that the General Assembly felt in any way bound to follow that recommendation.

It should be noted that in this case we go no further than to hold that the receipt of a pension disqualifies an individual from receiving the unemployment compensation to which he would have become entitled by virtue of his employment by the one who is paying the pension. It is the apparent intent of the statute to limit the disqualification to those situations in which the payment of compensation for loss of wages is made or provided by the employer in whose employ the unemployed person has earned his right to unemployment benefits. Otherwise the payment would not be "by way of compensation" for the same loss of wages as that against which the unemployment benefits are designed to protect. The payment must come from the one who has caused the loss of wages if it is to be "compensation" for that loss within the apparent meaning of the word as it is used in the statute. A situation, for instance, in which an individual, after he has been pensioned off by one employer, enters the employ of another and, having established a benefit rate in the second employment, is discharged therefrom would

present a different question from that presented in the present case.

To summarize briefly: A pension such as that which the plaintiff is receiving is a payment made or provided for by a former employer. It is not paid out of government funds. It is paid to the pensioner to compensate for the wages which he has lost by reason of his being forced to retire. It, therefore, is a payment which falls exactly within the plain words of the disqualifying statute. There is nothing to indicate a legislative intent to limit or modify those words. Therefore, so long as the plaintiff continues to receive the pension, he is disqualified from receiving unemployment benefits on account of his having been discharged by the employer paying the pension.

There is no error.

In this opinion the other judges concurred.