Mae E. SIMPSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 9772.

United States District Court
D. Connecticut.

Oct. 2, 1964.

**434**

John W. Barnett, Wiggin & Dana, New Haven, Conn., for plaintiff.

F. Owen Eagan, U. S. Atty., Hartford, Conn., Daniel J. Dinan, Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

CLARIE, District Judge.

The plaintiff is the widow of a retired judge of the Superior Court who died in 1946. She seeks in this action to recover the income taxes paid by her, which were assessed against a widow's pension received from the State of Connecticut. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1346(a) (1).

At the time of her husband's death, the State Judicial pension law provided for a widow's allowance of twenty-five per cent of her husband's annual salary.[1] On July 1, 1955 the General Assembly increased the annual compensation of judges of the Superior Court from twelve thousand to eighteen thousand five hundred dollars, with a resultant increase in the amount paid to the plaintiff.[2] She concedes that the annual pension paid to her prior to July 1, 1955, was wholly taxable. She contends, however, that any amount in excess of this sum, occurring by virtue of an increase in the statutory salary after the death of her husband, constitutes a nontaxable gift to her.

To support her argument, plaintiff cites the fact that she has neither been employed by nor conferred any economic benefit upon the State of Connecticut, so the increased payment cannot be compensation to her. Her husband died in 1946, thus the additional payment could not represent compensation to him. She contends further, that the inclusion of widows of deceased judges in the increased pension benefits, could only have been motivated by generosity and is in fact a gratuity.

The question presented is whether or not the judicial salary increases with its attendant additional pension payments to the taxpayer were intended by the General Assembly to be a gift or a pension. If it were the latter, it constituted additional taxable income; if it were the former, it did not. The Court finds it to be a pension and as such taxable.

"Decision of the issue presented in these cases must be based ultimately on the application of the fact-finding tribunal's experience with the mainsprings of human conduct to the totality of the facts of each case. The nontechnical nature of the statutory standard, the close relationship of it to the data of practical human experience, and the multiplicity of relevant factual elements, with their various combinations, creating the necessity of ascribing the proper force to each, confirm us in our conclusion that primary weight in this area must be given to the conclusions of the trier of fact." (Citations omitted) Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 289, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960).

---

1. Conn.Gen.Stat. (Rev.1949) § 3598.

2. Conn.Gen.Stat. (Supp.1955) § 1965d.

The increased pension allowance indicated the Legislature's awareness of the economic inflationary trends, which have drastically depreciated the purchasing power of the dollar. It attempted to make the office of superior court judge financially attractive to men of the highest caliber, by providing security for their families and the payment of a salary commensurate with their responsibilities. The primary effect of the Legislature's action indicated to incumbent and prospective candidates to the State judiciary, that the policy of the State was to firmly gear its judicial salary schedule to the allowance provision for dependents of deceased judges, in the face of inflationary economic conditions. Most certainly this would tend to make judicial appointments economically more secure and attractive to able lawyers, who otherwise could not afford to be interested in such an appointment. This is a purposeful anticipated benefit to the people of the State and constitutes a valuable consideration to justify not only the judicial salary increase itself, but also the indirect benefits conferred upon dependents, (widows and children) including the plaintiff.

> " * * * if the payment proceeds primarily from 'the constraining force of any moral or legal duty,' or from 'the incentive of anticipated benefit' of an economic nature, Bogardus v. Commissioner, 302 U.S. 34, 41 [58 S.Ct. 61, 65, 82 L.Ed. 32], it is not a gift." Commissioner v. Duberstein, supra at 285, 80 S.Ct. at 1196.

■■ It should be observed that the Government's disposition of public funds must be presumed to be directed toward a public purpose. The Connecticut Constitution provides " * * * that no man, or set of men are entitled to exclusive public emoluments or privileges from the community." The payment of a gratuity by the Legislature to the plaintiff or any person or class of persons runs contrary to this prohibition. There is a presumption that the General Assembly has acted in accordance with the Constitution and that expenditures of public tax dollars are being made for public purposes. In order to find that the Legislature has made a gift of public funds to the taxpayer, this Court would have to find that there has been an unconstitutional disposition of public money. This Court should exercise great caution before interfering with the actions of the General Assembly in discharging its public trust.

> "Our treatment of a question * * * involving the act of a co-ordinate department of government, should not be circumscribed by the limitations of ordinary actions between individuals. * * * It is our duty to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the Act unless its invalidity, is, in our judgment, beyond reasonable doubt." (Citations omitted) Beach v. Bradstreet, 85 Conn. 344, 349, 82 A. 1030, 1032 (1912). Lyman v. Adorno, 133 Conn. 511, 52 A.2d 702 (1947).

Were the plaintiff's claim valid, she could treat the increase as a nontaxable gift, while the same pension, when paid to a widow whose husband died after the 1955 increase, would be taxed in its entirety. Certainly, the legislative intent was not to discriminate in a way which would make a gift to those widows of judges who died before 1955, but a pension to all others. Such employee pensions, by their very nature, have woven in their fabric a protective benefit for dependent widows and minor children and anticipate economic adjustment of the type herein provided.

The State by legislative act may choose to increase the amount of any existing pension, but its motives must be assumed to be its reason for the award in the first instance, namely, to give an "allowance or stipend * * * in consideration of past services or of the surrender of rights or emoluments, to one retired from service." Kneeland v. Administrator, 138 Conn. 630, 632 (1952), 88 A.2d 376, 377, 32 A.L.R.2d 896 (1952).

The past services of the plaintiff's husband, together with the over-all anticipated benefits to the State, on which the pension plan is justified, constitute adequate consideration of an economic nature to exclude it from the category of a gift.

The Court finds that the income constitutes a pension and was properly taxable as income. Judgment shall enter for the defendant.

The foregoing opinion shall constitute the findings of fact and conclusions of law required to be filed by the Court pursuant to Rule 52(a), Fed.R.Civ.P.