MARIE McGOWAN *v*. ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 3—decided May 25, 1966

*Warren A. Luedecker* and *Arthur Levy, Jr.,* for
the appellant (plaintiff).

*Harry Silverstone,* assistant attorney general,
with whom were *Carl D. Eisenman,* assistant attor-

ney general, and, on the brief, *Harold M. Mulvey,* attorney general, for the appellee (defendant).

SHANNON, J. This is an appeal from a judgment of the Superior Court sustaining the decision of the unemployment compensation commissioner for the fourth congressional district which denied the plaintiff's claim for unemployment compensation benefits after January 3, 1965. The facts are undisputed. The plaintiff, for a long time previous to March 13, 1964, had been employed by Columbia Records Corporation, hereinafter called the company, at Bridgeport. On March 13, 1964, she received notice from the company that her employment was terminated. She received payment of thirteen weeks' severance pay and three weeks' vacation pay, which amounted to $1171, during the benefit year ending January 2, 1965. She has not been employed since she was laid off by the company.

The plaintiff filed a claim for unemployment compensation benefits on March 15, 1964, establishing a benefit year ending January 2, 1965. She collected for twenty-six weeks in that benefit year. On January 3, 1965, she again filed a claim for benefits, commencing a new benefit year ending January 1, 1966. The administrator determined that the $1171 received by the plaintiff as vacation pay and severance pay were not "wages" within the meaning of § 31-236 (8) General Statutes,[1] and he determined that she was ineligible to receive benefits inasmuch

[1] "Sec. 31-236. DISQUALIFICATIONS. An individual shall be ineligible for benefits . . . (8) if it is found by the administrator that, having received benefits in a prior benefit year, he has not been paid wages since the commencement of said prior benefit year in an amount equal to at least one hundred and fifty dollars."

as she had not been paid wages since the commencement of the prior benefit year. The plaintiff contends that her vacation pay and severance pay were "wages" for the purpose of satisfying the requirement of the statute and that her claim should not have been denied.

The question raised by this appeal, therefore, is whether the lower court erred in concluding that severance pay and vacation pay do not qualify as wages within the meaning of the statute. The plaintiff admits that she received no other pay as remuneration for employment during her benefit year from March 15, 1964, to January 2, 1965. The Unemployment Compensation Act (General Statutes, c. 567) defines "wages" as "all remuneration for employment." General Statutes § 31-222 (b). The term connotes all remuneration for any service performed in the course of an employer-employee relationship. *Geremia* v. *Administrator,* 146 Conn. 264, 270, 150 A.2d 203. When employment ceases, so do wages. *Brannigan* v. *Administrator,* 139 Conn. 572, 575, 95 A.2d 798. Vacation pay does not constitute "wages". Rather, it is payment "by way of compensation for loss of wages." *Conon* v. *Administrator,* 142 Conn. 236, 245, 113 A.2d 354; *Kelly* v. *Administrator,* 136 Conn. 482, 487, 72 A.2d 54.

Since, in the connotation of the statute, wages cease when employment does, severance pay cannot be considered wages. *Brannigan* v. *Administrator,* supra. Severance pay is "a form of compensation for the termination of the employment relation, for reasons other than the displaced employees' misconduct, primarily to alleviate the consequent need for economic readjustment but also recompense him for certain losses attributable to

the dismissal." *Adams* v. *Jersey Central Power & Light Co.,* 21 N.J. 8, 13, 120 A.2d 737.

The plaintiff contends that the administrator has treated her severance pay and vacation pay as wages under another section of the chapter on unemployment compensation by accepting taxes paid by the company on these sums and in establishing her benefit year, and that thereby he has waived or is estopped from not treating them as wages under § 31-236 (8). We are not concerned with this claim. Regardless of the action of the administrator in accepting any payments made to him, he cannot waive the rights of the state, nor can he, by any act of his, estop the state from asserting its rights or prevent the performance of his statutory duties. *State* v. *Metrusky,* 140 Conn. 26, 30, 97 A.2d 574, and cases cited. Before the plaintiff became eligible to collect benefits for the year beginning January 3, 1965, it was necessary for her to have earned at least $150 in wages since the commencement of the prior benefit year. General Statutes § 31-236 (8). This she had not done.

There is no error.

In this opinion the other judges concurred.