THE B. F. GOODRICH COMPANY *v.* JOHN L. SULLIVAN, TAX COMMISSIONER

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 133030

Memorandum filed October 20, 1966

*Shepherd, Murtha & Merritt,* of Hartford, for the plaintiff.

*Harold M. Mulvey,* attorney general, *Walter T. Faulkner* and *Ralph G. Murphy,* assistant attorneys general, for the defendant.

PALMER, J. This action is an appeal from a determination of the defendant with respect to the plaintiff's tax liability to the state of Connecticut for the years 1958, 1959 and 1960. On January 25, 1963, the defendant issued to the plaintiff a statement of the amount due on plaintiff's corporation business taxes for the years 1958, 1959 and 1960 which showed a balance due of $29,060.54. The revised computation and statement of balance due resulted from the defendant's refusal to recognize the plaintiff's right to file on a separate accounting basis for its "Sponge Products Division," which is located in the town of Shelton. It is from this determination by the defendant that this appeal is taken.

The plaintiff, a foreign corporation qualified to do business and doing business in this state, is subject to the tax imposed by § 12-214 of the General Statutes, which provides that "such tax [is] to be measured by the entire net income as herein defined received by such corporation . . . from business transacted within the state during the

income year." The plaintiff maintained a permanent place of business in this state during the years in question and was therefore subject to the tax prescribed, in accordance with the provisions of § 12-218, which states that "the business tax shall be imposed on a base which reasonably represents the proportion of the trade or business carried on within the state." The statute goes on to state the allocation of the base of the tax measured by net income.

In a special defense, the defendant alleged that the plaintiff has not alleged that it complied with the provisions of § 12-221 for the administrative remedy provided by that section. In its amended reply, the plaintiff alleges that the defendant waived the right to assert the defense that the plaintiff allegedly failed to avail itself of administrative remedies. This claim in the amended reply cannot be sustained. "Regardless of the action of the administrator . . . , he cannot waive the rights of the state, nor can he, by any act of his, estop the state from asserting its rights or prevent the performance of his statutory duties." *McGowan* v. *Administrator,* 153 Conn. 691, 694. It is therefore necessary to pass on the special defense that the plaintiff failed to exhaust the administrative remedy set forth in § 12-221.

Section 12-221 provides in part as follows: "If an officer of any company believes that the method of allocation and apportionment prescribed in sections 12-218 and 12-220, as administered by the tax commissioner and applied to its business, has operated or will so operate as to subject it to taxation on a greater portion of its business than is reasonably attributable to this state, such officer may file, *with his return* to the commissioner, a statement of his objections and such alternative method of alloca-

tion and apportionment as he believes to be proper under the circumstances, with such detail and proof and within such time as the commissioner may reasonably prescribe." (Italics supplied.) At the time the plaintiff filed its return for the calendar year 1958, it incorporated in the return a statement that it believed "that the method of allocation and apportionment prescribed by Sections 12-218 and 12-220 as administered by the Tax Commissioner and applied to its business has operated or will so operate as to subject it to taxation on a greater portion of its business than is reasonably attributable to the State of Connecticut. Therefore, by virtue of the authority granted in Section 12-221 the attached return has been prepared on a *separate accounting basis*. We respectfully submit that the use of this method to develop our tax liability is proper and that it assigns to the State of Connecticut for taxation the portion of our business which is reasonably and equitably attributable to the State." (Italics supplied.)

An examination of the provisions of § 12-221 discloses that the following should be filed in order to invoke that section: (1) The return prescribed by statute, together with payment as required by § 12-233; (2) a statement of objections; and (3) such an alternative method of allocation and apportionment as the taxpayer believes to be proper under the circumstances. If the 1958 return is considered as the return required by § 12-233, then there was no "alternative method of allocation and apportionment" filed as required by § 12-221. On the other hand, if the 1958 return is itself considered to be the "alternative method of allocation and apportionment" required by § 12-221, then the plaintiff failed to file the return required by statute and to pay the tax due thereon. Whichever way the 1958 return is treated, there is a failure to comply with § 12-221.

It seems obvious that the plaintiff may not on its own initiative file on an "alternative method," without filing, or in lieu of filing, the return prescribed by statute. Here, the plaintiff on its own initiative filed pursuant to an "alternative method," without the acceptance or approval of the tax commissioner, and did not file the return prescribed by statute.

The returns for the calendar years 1959 and 1960 were prepared and filed in accordance with the regular statutory formula, and no statement or statements of objections were made with the returns, nor were any alternative methods of allocation and apportionment suggested or proposed by the plaintiff in connection with these returns. Accordingly, it would appear that the plaintiff has no grounds for complaint in respect to the 1959 and 1960 returns, in view of the requirements of § 12-221.

Therefore, it is the conclusion of the court that the plaintiff failed to comply with the provisions of § 12-221, although it was essential for it to do so in order to be permitted to use an alternative method of allocation and apportionment in accordance with the terms of that statute. The conclusion reached by the court makes it unnecessary to pass on the plaintiff's contention that on the facts of this case the commissioner should have approved or accepted the plaintiff's proposed "alternative method of allocation and apportionment."

The appeal is dismissed on the ground that the plaintiff did not exhaust its administrative remedy, as provided by § 12-221, and therefore the court is without jurisdiction to hear the plaintiff's appeal.