LINNA A. MAYNARD *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT          NEW LONDON COUNTY          FILE NO. 39810

Memorandum filed May 4, 1972

*Martin Zeldis,* of Norwich, for the plaintiff.

*Robert K. Killian,* attorney general, and *Donald E. Wasik,* assistant attorney general, for the defendant administrator.

KLAU, J.  This is an appeal from the decision of the unemployment compensation commissioner for the second district affirming the examiner's decision denying the plaintiff's claim for unemployment benefits from June 6, 1971. Facts of the finding which are not challenged by the plaintiff indicate that she, at the time of the hearing before the commissioner, was a girl twenty-two years old, unmarried, who had worked as a switchboard operator at the Hartford National Bank at New London from November, 1968, to January 29, 1971. At the end of her employment with the bank she was earning $80 a week. She decided to enter work which would be more to her liking and yield greater remuneration than her switchboard job. For this reason, she voluntarily left the bank to enrol in a training program, sponsored by the state department of vocational rehabilitation and approved by the state labor department, leading to certification as a licensed practical nurse. Upon completion of the course and certification as a licensed practical nurse, she would probably receive an hourly wage of about $3. Persons eligible for and participating in such a program are specifically exempted from the available-for-work provisions under the unemployment compensation regulations by a policy letter of the unemployment compensation department dated November 24, 1970. The plaintiff applied for and received unemployment compensation benefits from February 21 to June 5, 1971, at $44 per week.

The basis for receipt of such benefits was a determination by the examiner, made under the pro-

visions of the policy letter of November 24, 1970, that the plaintiff was eligible to receive unemployment compensation benefits and that there was reliance by the plaintiff upon such a decision when she participated in the nurses' training program.

On June 5, 1971, the employment security division of the department of labor determined that the plaintiff was not entitled to unemployment compensation under the terms of the policy letter referred to above and, while not seeking a refund of the payments already made, refused to pay any further unemployment compensation benefits. This decision was appealed to and affirmed by the unemployment compensation commissioner, as heretofore stated.

The policy letter of November 24, 1970, referred to was made a part of the record, and the pertinent provisions contain the following: "Unemployment compensation claimants who attend training or retraining courses described below are to be considered available for work and making reasonable efforts to obtain work within the meaning of section 31-235 (2) of the Unemployment Compensation Act. No individual shall be denied benefits on the ground that he is attending such a course. Courses which are sponsored and approved by the Connecticut State Labor Department or any other department of the State or by a department of the federal government or municipality and to which the governmental agency in question has referred the claimant . . . . This provision, however, is intended to apply only to individuals who are attending the courses in question because they have been found not to possess a skill which is usable to an appreciable degree in their local labor market areas or who, through a physical incapacity, have lost a previously existing occupational skill and are being trained to acquire a new skill."

The main thrust of the plaintiff's appeal is that the commissioner's finding that "[s]he elected to attend the course to acquire a new skill, although she already possessed a skill, i. e., that of a switchboard operator, which was usuable [sic] in the New London labor market area and which yielded a remuneration much in excess of her benefit rate of $44 a week," is not supported by the evidence. Clearly, this was a question of fact for the commissioner. A switchboard operator, as a matter of judicial notice, must have an ability gained by practice and knowledge to receive and transmit calls, considering the intricacies of modern telephonic equipment and the number of calls coming in and going out of a commercial establishment such as a bank. It cannot be held as a matter of law that such a training and occupation over a period of two years does not require an expertise and skill which was usable to an appreciable degree in the New London labor market. Under § 31-236 of the General Statutes, the plaintiff had voluntarily given up her employment and was not eligible to receive unemployment compensation benefits unless the policy letter of the administrator was effective in determining availability. Even under this program, there was no intention of making eligible for unemployment benefits all persons who had given up their employment to obtain a skill. The limitation that those already possessing a skill usable to an appreciable degree in the local labor market were not eligible was a reasonable one, assuming that the administrator had the authority to create such an interpretation of availability in the absence of express legislation to that effect.

The fact that the plaintiff had been paid unemployment benefits from February 26 to June 5, 1971, does not operate to estop the administrator from discontinuing benefits upon a reexamination of the

factual situation. First of all, there is no basis in fact for such an estoppel in the record, and secondly, an "estoppel may not be invoked against the government or a public agency functioning in its governmental capacity. 31 C.J.S., Estoppel, § 138." *Pet Car Products, Inc.* v. *Barnett,* 150 Conn. 42, 53. Also, the court, in *McGowan* v. *Administrator,* 153 Conn. 691, 694, stated that the administrator "cannot waive the rights of the state, nor can he, by any act of his, estop the state from asserting its rights or prevent the performance of his statutory duties. *State* v. *Metrusky,* 140 Conn. 26, 30 . . . and cases cited." Thus, there is no basis whatsoever for applying the doctrine of equitable estoppel.

The appeal of the plaintiff from the decision of the unemployment compensation commissioner is dismissed.