[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF CITY OF BRIDGEPORT #137
This case arises from the defendants' termination of the plaintiff from her appointed position as Director of Human Resources and Development of the City of Bridgeport, effective January 1, 1986. The plaintiff alleges in her complaint that she is entitled to comp-time, (compensatory time), vacation time, and personal days. The plaintiff bases her claim upon the express terms of her employment contract and "certain trade, practice and custom," with respect to certain compensation for which she seeks recovery.
It appears undisputed that on January 10, 1986, the plaintiff was paid for 1 1/2 personal days and 4 vacation days (the plaintiff claims she was actually entitled to 5 vacation days). However, the plaintiff has received no compensation for her accumulated comp-time, it being the position of the defendant, that as an unclassified civil servant, she was not entitled to such payment. In addition, the plaintiff claims a violation of Sec. 31-71c of the C.G.S. by the terms of which she claims that the City of Bridgeport was obligated to pay her wages not later than the next regular pay day after her termination.
The defendant City of Bridgeport has moved for summary judgment in its favor claiming that there is no issue of material fact and that it is entitled to judgment as a matter of law.*
The purpose of summary judgment is to expeditiously dispose of without trial, cases where there exists no genuine issue of material fact. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375 (1969). Failure to raise an issue of material fact may result in summary judgment against the party in opposition. Daily v. New Britain Machine Co.,200 Conn. 562, 569 (1986). A "material" fact is one which will affect the outcome of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69 (1979).
In her complaint, the plaintiff claims a violation of C.G.S. 31-71c in that she was not paid her unused vacation pay and payment for personal days not later than the next regular pay day after her termination. Thus the plaintiff seeks money damages, costs, attorney's fees and punitive damages as provided for by C.G.S. 31-72.
In the opinion of the court, however, unused vacation pay and personal leave pay, does not constitute "wages" so as to support a claim under Sec. 31-72. See ABC Office Equipment v. CT Page 497 Royal Consumer Business Products, 721 F. Sup. 1557 (D. Conn. 1989); Palladino v. Northeast Graphics, Inc., 15 CLT 18 (Sup. Ct. Hartford N.B. at Hartford, 1989) McGowan v. Administrator,153 Conn. 691 (1966) (vacation pay does not constitute wages within meaning of unemployment compensation statute). Whether unused comp-time can be classified as "wages" so as to support a claim under Sec. 31-72 is an issue which must be decided only if the plaintiff can establish as a matter of law that she would be entitled to unused comp-time upon the termination of her employment. Obviously, if she is not entitled to payment for comp-time she cannot claim failure to make such payment is a violation of Sec. 31-71c.
Sec. 31-76k of the Conn. Gen. Stat. provides:
 "If an employer policy or collective bargaining agreement provides for the payment of accrued fringe benefits upon termination, including but not limited to paid vacations, holidays, sick days and earned leave, and an employee is terminated without having received such accrued fringe benefits, such employee shall be compensated for such accrued fringe benefits exclusive of normal pension benefits in the form of wages in accordance with such agreement or policy but in no case less than the earned average rate for the accrual period pursuant to sections 31-71a to 31-71i, inclusive."
Therefore, equating comp-time with "earned leave" under section 31-76k, the plaintiff would be entitled to payment therefore in accordance her employment agreement or the policy of the employer. In this instance, the policy governing comp-time is set forth in Article 1.4 of the Human Resources Development Personnel Policies and Procedural Manual which reads in part as follows:
"No employee in an executive, administrative or professional capacity will be allowed to accumulate compensatory time under any circumstances. Compensation for overtime worked will be in the form of equivalent time off, to be taken within five days of accumulation."
It appears clear that the plaintiff, as Director of Human Resources and Development of the City of Bridgeport is an employee in an "executive, administrative or professional capacity" so as to be subject to Article 1.4 of the HRD Policy Manual. While the plaintiff makes the claim in her complaint that she relied to her detriment on the past practices of the defendant City, such claim lacks support in the documents CT Page 498 submitted by the parties, specifically, a memo dated 12/6/85 from the plaintiff on the subject of comp-time. Such memo defines comp-time and provides that "All Comp Time will be taken within five (5) work days. . . ." (2.02) Furthermore, this memo provides; "All HRD Departmental Directors/Managers and Senior Planners are classified as exempt." (2.03) Finally, the plaintiff's memo states; "Comp Time shall not accumulate and will not be payable upon termination." (2.05).
While in her brief the plaintiff seeks to inject ambiguity into the memo of 12/6/83, it appears clear that this memo re-iterates the policy set forth in Article 1.4 of the HRD Policy Manual which serves to negate the plaintiff's claim for payment of accumulated comp-time.
In the opinion of the court, therefore, the plaintiff has not demonstrated an issue of material fact and for the reasons set forth above the defendant City of Bridgeport is entitled to judgment in its favor. The motion for summary judgment of the defendant City of Bridgeport is therefore granted.
BRUCE W. THOMPSON, JUDGE