[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The single issue here is whether plaintiff's allegation of defendant's alleged failure to pay the plaintiff a sum of money under a retirement contract, as a retiree, constitutes a legally sufficient basis to support a claim to collect unpaid wages under Conn. Gen. Stat. sec. 31-72, sufficient to withstand defendant's motion to strike. The issue turns upon whether the receipt of retirement pay by a retiree constitutes employee "wages" as provided for in Conn. Gen. Stat. Sec. 31-72
and as defined in Conn. Gen. Stat. sec. 31-71a(3).
The court holds that the sum of money allegedly owed to plaintiff under the retirement contract does not constitute "wages" as to provide a legally sufficient basis for a claim to collect unpaid wages under Conn. Gen. Stat. sec. 31-72. The motion to strike is granted.
On May 22, 1990, the plaintiff, Terrence A. Marselle, (Marselle) filed an amended complaint alleging a breach of contract action and a claim under Conn. Gen. Stat. sec. 31-72 for the collection of unpaid wages, against the defendant, Bristol Board of Education (the "Board"). Prior to June 30, 1987, the defendant Board employed plaintiff Marselle as a teacher in the public school system of Bristol, Connecticut. In the first count of his amended complaint, plaintiff Marselle alleges that on or about June 30, 1987, he and the defendant executed a contract for his early retirement. The plaintiff allegedly retired on that date. Plaintiff, Marselle, alleges that the contract provided for the payment by the board of $31,500.00 over three years, "as consideration for the plaintiff's retirement." The contract allegedly required that the defendant Board would pay this sum to the plaintiff in three annual installments of $10,500.00 on July 15th of the years 1987, 1988 and 1989. In count one, plaintiff, Marselle, alleges that the defendant Board breached the contract by its alleged failure to pay the CT Page 4172 sum of $10,500.00 on July 15, 1989. In the second count of plaintiff's amended complaint he alleges that the defendant's failure to pay the sum required under the contract constitutes a statutory claim under Conn. Gen. Stat. sec. 31-72, for non-payment of wages.
Pursuant to Connecticut Practice Book Sec. 152, the defendant Board moves to strike count two of the plaintiff's amended complaint for failure to allege a legally sufficient cause of action under Conn. Gen. Stat. sec. 31-72.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "The sole inquiry at this stage [of the pleadings] is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, 39 Conn. Sup. 129, 132
(Super.Ct. 1983). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281,285-86 (1983).
Conn. Gen. Stat. sec. 31-72 provides, in pertinent part that: "[w]hen any employer fails to pay an employee wages in accordance with the provision of sections 31-71a to 31-71a, . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court." Conn. Gen. Stat. sec. 31-71a(3) defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Conn. Gen. Stat. sec. 31-72, "which provides an extraordinary statutory remedy, is concerned with timely payment of wages and was enacted to discourage the unilateral withholding of wages by an employer." ABC Office Equipment v. Royal Consumer Business Products, 721 F. Sup. 1557, 1559 (D.Conn. 1989).
The defendant Board moves to strike count two of plaintiff's amended complying on the ground that the second count is legally insufficient because the dispute here does not concern "wages" owed to the plaintiff as an "employee" of the Board. The defendant argues in support of its motion that the amount in contention relates to contractual consideration for retirement rather than "wages" earned by virtue of employment. The plaintiff argues, in opposition, that the compensation allegedly owed to him under the early retirement contract constitutes earned consideration for services the plaintiff provided during his past employment relationship with the Board, and CT Page 4173 therefore serves the same purpose as wages.
Although the Connecticut courts have not addressed the issue of retirement benefits within the purview of Conn. Gen. Stat. sec. 31-72, some Connecticut courts have interpreted whether other forms of payment constitute wages within this statute. See ABC Office Equipment, 721 F. Sup. 1557 (severance pay and accrued vacation pay do not constitute wages under sec.31-72); Palladino v. Northeast Graphics, Inc., 4 CSCR 328 (May 1, 1989, Thompson, J.) (accrued vacation pay constitutes fringe benefits not within the intent of sec. 31-72 as wages); Cook v. Alexander Alexander of Connecticut, Inc., 40 Conn. Sup. 246
(1985) (unpaid bonuses and vested thrift plan constitute unpaid wages within the meaning of sec. 31-72 when employer wrongfully discharged plaintiff in order to avoid these payments).
The court in ABC Office Equipment reasoned that the severance allowance in issue did not constitute wages under sec. 31-72 because this atypical severance pay was "a bonus above and beyond the regular salary," unrelated to any service rendered by the employee. ABC Office Equipment,721 F. Supp. at 1559.
The reasoning of the Palladino case regarding accrued vacation pay, as relied upon by the court in ABC Office Equipment, 721 F. Supp. at 1560, emphasized the statutory distinction between "fringe benefits" and "wages". Palladino, 4 CSCR at 328. The Palladino decision noted that Conn. Gen. Stat. sec. 31-76k, requiring accrued fringe benefits to be paid upon termination of an employee, includes paid vacation within the term "accrued fringe benefits." Id. However, the cause of action provided for in sec. 31-72 for unpaid wages does not recognize the failure to make payment of fringe benefits. Id. The ABC Office Equipment case summarized that "[i]f the legislature has intended to include fringe benefits or accrued vacation pay in the definition of "wages" in Conn. Gen. Stat. sec. 31-71a(3), it could have expressly done so in light of the distinction drawn in the statutory scheme." ABC Office Equipment,721 F. Supp. at 1560.
Following the reasoning in ABC Office Equipment, if the legislature had intended to include pension benefits in the definition of "wages," it could have expressly done so. In defining "wages" under Conn. Gen. Stat. sec. 31-72, both Palladino and ABC Office Equipment relied upon the decision in McGowan v. Administrator, 153 Conn. 691 (1966), which construed, the definition of "wages" under the Unemployment Compensation Act, Conn. Gen. Stat. sec. 31-236 (8). See ABC Office Equipment, 721 F. Supp. At 1560; Palladino, 4 CSCR at 328. McGowan held that since the Unemployment Compensation Act, Conn. Gen. Stat. CT Page 4174 sec. 31-222 (b)(1), defines "wages" as "all remuneration for employment," and at the time the plaintiff received severance and vacation payment her employment had ceased, these payments do not constitute wages. McGowan, 153, Conn. at 693. In McGowan, the court specifically defined vacation pay as payment "by way of compensation for loss of wages," but not wages. Id.
The interpretation of "wages" as used in the Unemployment Compensation Act, Conn. Gen. Stat. sec. 31-236, is persuasive in the interpretation of whether retirement benefits constitute wages in Conn. Gen. Stat. sec. 31-72. The Connecticut Supreme Court has held that a pension does not constitute wages, as defined as "all remuneration for employment," under the Unemployment Compensation Act, sec. 31-222 (b)(1). Brannigan v. Administrator, 139 Conn. 572, 577 (1953); Kneeland v. Administrator, 138 Conn. 630, 632 (1952). The plaintiff in Brannigan voluntarily retired from his employment, and thereafter, his employer paid to the plaintiff a sum equal to eighteen months wages. Brannigan, 139 Conn. at 573. In determining that this retirement payment was not wages, the court in Brannigan reasoned that "[w]hen employment ceases, so do wages. The plaintiff, having retired, was not required to perform any additional services in order to be entitled under the agreement to a sum equivalent to eighteen month's pay." Id. at 575-76. In both Brannigan and Kneeland, the court: concluded that pension benefits constitute "payment by way of compensation for loss of wages," as provided in Conn. Gen. Stat. sec. 31-236 (4). Brannigan, 139 Conn. at 577; Kneeland, 138 Conn. at 633.
Although Kneeland held that a pension was not wages under the Unemployment Compensation Act, the court did discuss the relativeness of a pension to wages. Kneeland,138 Conn. at 632.
 A pension is, however, closely akin to wages in at least three particulars. It consists of payments made by or provided by an employer. Although it is not paid in direct compensation for services rendered currently, it is paid in consideration of services rendered in the past. It serves the same purpose as wages to the recipient in that it helps him to meet the expense of living.
Id. at 632-33. (Citations omitted). Nevertheless, in Kneeland, the court concluded that a pension "is a substitute for wages which the employee has lost by reason of the loss of his job." Id. at 633. CT Page 4175
Applying the analysis used in Brannigan and Kneeland to the issue of retirement benefits in the present case, the definition of "wages" in Conn. Gen. Stat. sec. 31-71a(3) does not include the receipt of retirement benefits by a retiree. Unlike the Unemployment Compensation Act's definition of "wages," Conn. Gen. Stat. sec. 31-222 (b)(1), the wage collection statute does not define "wages" as "all remuneration for employment." The wage collection statute, Conn. Gen. Stat. sec.31-71a (3), does define "wages" as "compensation for labor or services rendered by an employee." (Emphasis added). "employee" under the wage collection statute is defined as "any person suffered or permitted to work by an employer." Conn. Gen. Stat. sec. 31-71a(2).
If employment as well as wages cease when a person retires, Kneeland, 138 Conn. at 632, then status as an employee also ceases. Since the present plaintiff alleges that he retired on June 30, 1987, he is no longer an employee of the Board entitled to wages. The sum of money allegedly owed to plaintiff after retirement constitutes "consideration for retirement," not wages for which any additional labor or services were required of the plaintiff See Brannigan,139 Conn. at 575-76.
In summary, since the amount of money in contention does not constitute "wages" earned by an "employee" as required under Conn. Gen. Stat. sec. 31-72, the plaintiff has not alleged a sufficient cause of action under the wage collection statute.
The plaintiff also argues in his brief that the sum allegedly owed to him under the early retirement contract constitutes earned compensation for services the plaintiff provided during his past employment relationship with the Board, and therefore constitutes wages. Although in ruling on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff," Gordon, 208 Conn. at 170, the "court is limited to the facts alleged in the complaint." Id.
The plaintiff's argument in his brief attempts to introduce new factual allegations outside the complaint, i.e., that "[i]n accepting employment with the defendant, the plaintiff bargained for a weekly paycheck as well as . . . consideration . . . upon retirement," and "[t]he plaintiff was induced to work for defendant by these promises." Based upon these factual allegations, the plaintiff concludes in his brief that the sum of money under the contract constitutes wages within the context of Conn. Gen. Stat. sec. 31-72.
The plaintiff's allegations of being induced to work CT Page 4176 by defendant's promises to pay retirement benefits stretch the facts of the complaint, which only alleges bargained for consideration for retirement under the contract. The plaintiff, in count two of the amended complaint, fails to allege a legally sufficient cause of action under Conn. Gen. Stat. sec. 31-72.
The sum of money allegedly owed to plaintiff under the retirement contract does not constitute "wages," so as to provide a legally sufficient basis to support a claim to collect unpaid wages under Conn. Gen. Stat. sec. 31-72. The motion to strike count two is granted.
LENARD W. DORSEY SENIOR JUDGE