[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On July 2, 1991, the plaintiff, Steven Wuerth, filed a CT Page 2477 complaint in three counts against the defendant, Schott Electronics, Inc., the plaintiff's former employer.
Counts one and two appear to allege breach of contract, in that the defendant has failed to pay plaintiff approximately $9,000.
In count two, the plaintiff also alleges that the bonus was for extra services performed during the winding up of defendant's operations.
Count three alleges that failure to pay bonus and severance constitutes failure to pay wages, in accordance with General Statutes 31-71a to 31-71i. Plaintiff also alleges that such failure entitles plaintiff to claim double damages, in addition to actual damages, attorney's fees and costs, pursuant to 31-72.
On July 19, 1991, the defendant filed this motion to strike count three of plaintiff's complaint on the ground that the allegations fail to state a claim upon which relief can be granted. Defendant argues that severance and bonus pay are not "wages" under31-71, et seq. Thus, defendant urges, plaintiff's allegations are legally insufficient, and should be stricken, along with all prayers for relief pursuant to 31-72.
On July 25, 1991, the plaintiff filed an amended complaint.
In count three, as amended, the plaintiff further alleges that the president of the defendant company expressly told plaintiff that the bonus was additional compensation for "unusual and additional services" that the plaintiff would perform. Plaintiff also alleges that the defendant's failure to pay severance and bonus as agreed is an unreasonable, deceptive and disloyal act.
Inasmuch as the defendant has not filed a supplemental memorandum for his motion to strike since the plaintiff filed his amended complaint, and the defendant has not objected to the filing of the amended complaint, the motion to strike should be considered as against the amended complaint.
The plaintiff has filed a memorandum of law in opposition to CT Page 2478 the motion.
A motion to strike challenges the legal sufficiency of a complaint. Practice Book 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 16, 544 A.2d 1185 (1988). All well pleaded facts are viewed in a manner most favorable to the nonmovant. Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980). If a motion to strike an entire count does not reach all aspects of the count, the motion to strike should be denied. Rossignol v. Danbury School of Aeronautics, Inc., 154 Conn. 549, 553, 227 A.2d 418
(1967).
General Statutes 31-71a(3) defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation."
The Connecticut Supreme Court and the United States District Court for Connecticut have both held that severance pay does not constitute wages. See McGowan v. Administrator, 153 Conn. 691,220 A.2d 284 (1966), since wages cease when employment does, severance pay falls outside of wages); ABC Office Equipment v. Royal Consumer Business Prod., 721 F. Sup. 1557 (D.Conn. 1989), severance is an additional payment above and beyond compensation for labor or services rendered).
It has also been held that a bonus is not considered wages, but is actually "a sum given or paid beyond what is legally required to be paid to the recipient." Smith v. Crockett Co.,85 Conn. 282, 82 A. 636 (1912); see also Christensen v. Bic Corp.,18 Conn. App. 451, 558 A.2d 273 (1989).
In his complaint, the plaintiff has not alleged that the severance pay was promised in exchange for any additional labor or services he performed while the defendant was preparing to close its business.
While the word "bonus" in its common meaning may not rise to the level of wages, the plaintiff here has alleged a connection between the additional work performed and the promise of a bonus; he has alleged that the bonus was in exchange for his additional services.
Viewing the complaint in the light most favorable to the plaintiff, the alleged bonus could constitute wages under 31-71a.
Since this allegation in the third count is legally sufficient to state a claim for failure to pay wages, the defendant's motion to strike the third count of the complaint is denied. Furthermore, because the allegations of the third count are sufficient to state CT Page 2479 a claim upon which relief can be granted, the defendant's motion to strike the corresponding prayers for relief are also denied.
FLYNN, JUDGE