[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
The plaintiff, Frank Justin, filed a one count complaint on April 2, 1992, in which he alleged that his former employer, AMA, Ltd., failed to tender $22,500.00 in severance pay owed to him pursuant to the terms of an employment agreement between the parties and that he was entitled to three weeks of vacation pay. The plaintiff seeks double damages, attorney's fees, and interest pursuant to General Statutes 31-72 and 37-3a. The defendant filed an amended answer, along with two "affirmative defenses"[1] and a seven count counterclaim, on November 2, 1992.
On March 5, 1993, the plaintiff filed a motion to strike (#128) the defendant's first "affirmative defense," and the sixth and seventh counts of the defendant's counterclaim. The defendant filed a memorandum of law in opposition on April 28, 1993 (#131).
A motion to strike challenges the legal sufficiency of the allegations of any complaint, counterclaim or crossclaim, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book 152(1); Ferryman v. Groton,212 Conn. 138, 142, 61 A.2d 432 (1989). The motion can be used to test the legal sufficiency of any answer to a complaint, including any special defense contained therein. Practice Book 152(5). In analyzing a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport CT Page 5643 Housing Authority, 208 Conn. 161, 170, 540 A.2d 1185 (1988). If facts provable in the pleading would support a cause of action or defense, the motion to strike must be denied. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496,605 A.2d 862 (1992).
The plaintiff argues, that the defendant's first "affirmative defense," in which defendant alleges that "the plaintiff is precluded from bringing his claim because this matter has been settled and plaintiff has waived all claims relating to the allegations set forth in his complaint," is legally insufficient because General Statutes 31-72 provides that an agreement between employee and employer shall not be a defense. The plaintiff also argues that the sixth and seventh counts of the defendant's counterclaim, which state claims for breach of a settlement agreement and intentional misrepresentation, are also legally insufficient because they are barred by the same provision of 31-72 and because they sound in vexatious suit.
General Statutes 31-72 provides in pertinent part:
 When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71;, inclusive, or fails to compensate an employee in accordance with section 31-76k . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action. . . .
(Emphasis added)
Thus by its express terms, 31-72 prohibits the employer from defending itself based on all agreement "for payment of wages" that does not conform to the requirements of 31-71a — 31-71i
and 31-76k.[2]
The term "wages," as used in 31-72, is defined in CT Page 564431-71a(3), which provides that "`wages' means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis. . ." Severance pay is not construed as "wages" under 31-71a(3) because it is not considered to be "compensation for labor or services rendered." ABC Office Equip. v. Royal Consumer Business Products, 721 F. Sup. 1557, 1559 (D. Conn. 1989). Rather, severance pay is "a kind of accumulated compensation for past services and a material recognition of their past value." Willetts v. Enhart Mtg. Co., 152 Conn. 487, 490-91, 208 A.2d 546
(1965). Another description of severance pay adopted by our Supreme Court is:
 "a form of compensation for the termination of the employment relation . . . primarily to alleviate the consequent need for economic readjustment but also to recompense him for certain losses attributable to the dismissed." Adams v. Jersey Central Power Light Co., 21 N.J. 8, 13, 120 A.2d 737; McGowan v. Administrator, 153 Conn. 691, 693, 220 A.2d 284; see also Brannigan v. Administrator, 139 Conn. 572, 577, 85 A.2d 798.
 Mace v. Conde Mast Publications, Inc., 155 Conn. 680, 683-84, 237 A.2d 360 (1967).
Any agreement between the parties concerning the payment of severance pay to the plaintiff would not be an agreement "for payment of wages" within the meaning of 31-72. Furthermore, while an agreement concerning accrued fringe benefits such as paid vacations that did not conform to the terms of 31-76k
could not be raised as a defense, the terms of the parties' settlement are not before the court. What is before the court is an allegation that the plaintiff cannot bring this suit because he has settled the matter and waived all his claims relating to the allegations of the complaint. Thus, even if any alleged settlement constituted an "agreement" within the definition of 31-72, the defendant could still attempt to establish the plaintiff's independent "intentional relinquishment of a known right," Brauer v. Freccia, 159 Conn. 289,295, 268 A.2d 645 (1970); Jenkins v. Indemnity Ins. Co.,152 Conn. 249, 257, 205 A.2d 780 (1964), sufficient to establish the defense of waiver. CT Page 5645
Where the legal grounds for a motion to strike are dependent upon underlying facts not alleged in the pleadings which are the subject of the motion to strike, the movant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). Therefore the plaintiff's motion to strike the defendant's first "affirmative defense" is denied.
The plaintiff also moves to strike the sixth and seventh counts of the defendant's counterclaim on the grounds that these counts sound in vexatious suit and are premature, and that both counts rely upon an agreement which may not be used as a defense to the plaintiff's action.
In order to state a legally sufficient claim for vexatious suit, "[t]he plaintiff must allege and prove that the original action, whether civil or criminal, was instituted without probable cause, with malice, and that it terminated in his favor." Schaefer v. O.K. Tool Co., Inc., 110 Conn. 528, 532,148 A.2d 330 (1930). In an action for vexatious suit, "the wrongful act is in the commencement of an action without legal justification. . . ." Id. Section 674 of the Restatement 2d Torts provides that:
 One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if
 (a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and
 (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.
The ninth count of the defendant's counterclaim contains the following allegations:
1. [Counterclaim Plaintiff] AMA and CT Page 5646 [Counterclaim Defendant] Justin, prior to Justin's filing of his claim as set forth in his complaint, dated March 10, 1992, engaged in discussions concerning the settlement of potential claims of Justin against AMA, as well as potential claims of AMA against Justin.
 2. On or about October 21, 1991, AMA and Justin reached a settlement agreement with regard to all potential claims Justin and AMA may have had against each other, including without limitation the claims made in Justin's complaint.
 3. Counsel for Justin, the Attorney General's office — William Wholean, Esq., acting as Justin's duly authorized attorney and agent, ratified and confirmed the settlement agreement.
 4. Justin breached the settlement agreement by filing the subject lawsuit against AMA.
 5. AMA has been damaged by Justin's breach of the settlement agreement.
The seventh count of the defendant's counterclaim contains the following allegations:
 1-5. Paragraphs 1 through 5 of the Sixth Count are hereby incorporated as Paragraphs 1 through 5 of this Seventh Count as if fully set forth herein.
 6. Justin's conduct in filing the subject lawsuit and in brach of the settlement agreement constitutes a knowing and intentional misrepresentation, and AMA has been damaged thereby.
Neither count states a cause of action for vexatious suit, an both counts are based on allegations that the plaintiff bleached the parties' settlement agreement. Furthermore, the CT Page 5647 terms of the settlement agreement are not presently before the court and thus the court cannot determine if the agreement is one for the "payment of wages" within the meaning of 31-72. See pages 3-4 infra. Accordingly, the motion to strike the sixth and seventh counts of the counterclaim is denied.
For the foregoing reasons, the motion to strike is denied in its entirety.
LINDA K. LAGER, JUDGE